

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,208-01

### EX PARTE FLOYD WOODS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 241-1074-14-A IN THE 241ST DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to unlawful possession of a firearm by a felon and was sentenced to eighteen years' imprisonment. He was also convicted in Smith County cause number 241-1073-14 for felon in possession of a firearm, but has not filed an application for writ of habeas corpus in that cause number. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective for failing to challenge a possible double jeopardy violation. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum

for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact as to whether counsel considered objecting to Applicant's two convictions on the basis of double jeopardy and if not, why not. The trial court shall also make findings as to what concessions, if any, the State made in exchange for Applicant's open guilty plea. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 9, 2022
Do not publish